UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

SHARON PERRY,

                Plaintiff,

    v.

KALAMAZOO AREA CHRISTIAN
RETIREMENT ASSOCIATION INC.,
d/b/a Park Village Pines,

                Defendant.

---

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
*Attorney for Plaintiff*
5955 West Main Street
Kalamazoo, MI 49009
(tel.) 269.978.2474
mark@paladinemploymentlaw.com

---

## C O M P L A I N T

    Plaintiff Sharon Perry alleges the following for her complaint against Defendant Kalamazoo Area Christian Retirement Association Inc., d/b/a Park Village Pines.

### NATURE OF THE CASE

    1.    This is an employment case about race-based harassment and discrimination, as well as retaliation. Plaintiff Sharon Perry worked for Defendant Kalamazoo Area Christian Retirement Association Inc. where her supervisor harassed and discriminated against her because of her race (black).

    2.    Perry's supervisor, who is white, would frequently:

- say the word "n\*\*ger" and other racially derogatory and incredibly offensive words in front of Perry;

- say that he "wouldn't let his children date black women"; and

- show Perry videos of police officers beating and shooting black persons. Perry's supervisor insisted that Perry watch these videos.

3.      When Perry complained to Defendant about her supervisor's harassment, she was promptly fired.

4.      Defendant's conduct violates Title VII of the Civil Rights Act of 1964, Michigan's Elliott-Larsen Civil Rights Act, and Title 42 of the United States Code, Section 1981.  Perry suffered damages as a result of Defendant's statutory violations that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## PARTIES, JURISDICTION, AND VENUE

5.      Plaintiff Sharon Perry is an individual person who resides in Kalamazoo County, Michigan.

6.      Defendant Kalamazoo Area Christian Retirement Association is a nonprofit corporation organized under the laws of the State of Michigan.  The corporation maintains its principal place of business in Kalamazoo County, Michigan and does business under the name Park Village Pines.

7.      The Court has personal jurisdiction over Defendant under Michigan Compiled Laws Sections 600.711 and 600.715. FED. R. CIV. P. 4(k)(1)(A).

8.      The Court has original subject matter jurisdiction over the claims asserted in the complaint under Title VII of the Civil Rights Act of 1964 and Title 42 of the United States Code, Section 1981, in accordance with Title 28 of the United States Code, Section 1331, because those

claims arise under federal law.  Title VII also independently provides for subject matter jurisdiction in the federal courts. 42 U.S.C. § 2000e–5(f)(3); 42 U.S.C. § 3613(a)(1)(A).

9.      The Court has supplemental jurisdiction over the state law claims asserted in the complaint under Title 28 of the United States Code, Section 1367, because those claims are so related to the claims over which the Court has original jurisdiction that they form part of the same case and controversy.

10.      Venue is appropriate in this judicial district in accordance with Title 28 of the United States Code, Section 1391(b).

## GENERAL ALLEGATIONS

11.      Defendant operates a nursing home that provides assisted living care, memory care, and other related services.

12.      Perry worked for Defendant from August 3, 2022 until January 17, 2023 as a personal care giver / medical care giver.

13.      Perry's race is black.

14.      Perry's supervisor was white and he continually harassed Perry and other employees because of their race (who are also black).

15.      Perry's supervisor repeatedly made racial comments to Perry and around Perry (and other black employees), such as frequently saying the word "n**ger" and other racially derogatory and highly offensive words.

16.      Perry's supervisor also said to her that he "wouldn't let his children date black women" and showed Perry videos of police officers beating and shooting black persons.  Perry's supervisor insisted that Perry watch these videos.

17.      All of this behavior from Perry's supervisor was deeply offensive and unwelcome.

18.     Perry made several complaints to Defendant's resident care manager about the harassment (as did other employees), but Defendant refused to take any serious action to stop the harassment.

19.     Defendant's resident care manager and Plaintiff's supervisor were friends, and the resident care manager was angry with Perry for reporting the harassment and discrimination that Perry endured.  The resident care manager said that she was going to "get back" at Perry for reporting the harassment and discrimination visited upon Perry by her friend.

20.     And then, shortly after one of Perry's complaints about her supervisor's harassment, the resident care manager said that she "had enough now to fire Perry" and terminated her employment.

21.     Perry filed a charge of discrimination with the United States Equal Employment Opportunity Commission and has otherwise satisfied all administrative prerequisites to filing her causes of action.

## COUNT 1

### DISCRIMINATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

22.     Perry repeats and incorporates all the previous allegations in her complaint.

23.     Defendant subjected Perry to different terms and conditions of employment because of her race.

24.     Defendant terminated Perry's employment.

25.     Perry's race was a motivating factor in Defendant's decision to treat her differently in connection with the terms and conditions of her employment and the decision to end her employment.

26.     Perry suffered damages as a result of Defendant's violations of Title VII of the

Civil Rights Act of 1964, that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## COUNT 2

### RETALIATION IN VIOLATION OF TITLE VII
### OF THE CIVIL RIGHTS ACT OF 1964

27.     Perry repeats and incorporates all the previous allegations in her complaint.

28.     Perry engaged in activity protected by Title VII when she, among other things, opposed the discrimination that she endured in Defendant's workplace.

29.     Defendant knew about Perry's opposition and protected activity.

30.     Defendant treated Perry differently in connection with the terms and conditions of her employment and it ended her employment.

31.     Defendant would not have taken these adverse actions against Perry but for her protected activity.

32.     Perry suffered damages as a result of Defendant's violations of Title VII, that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## COUNT 3

### HARASSMENT IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

33.     Perry repeats and incorporates all the previous allegations in her complaint.

34.     Perry was subjected to communications and conduct based on her race.

35.     The communications and conduct were hostile and unwelcome.

36.     Perry was subjected to a hostile work environment and otherwise treated differently than other employees because of her race.

37.     Defendant was legally responsible for the work environment that was hostile to

Perry because of her race.

38.     The hostile work environment Perry endured was so severe or pervasive so as to alter the terms and conditions of her employment by creating a hostile and abusive working environment.

39.     Defendant knew about the conduct Perry was subjected to and failed to implement reasonably prompt and appropriate corrective actions to end the harassment, and it also actively encouraged the creation of the hostile and abusive working environment.

40.     Perry suffered damages as a result of Defendant's violations of Title VII of the Civil Rights Act of 1964, that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## COUNT 4
### DISCRIMINATION IN VIOLATION OF
### MICHIGAN'S ELLIOTT-LARSEN CIVIL RIGHTS ACT

41.     Perry repeats and incorporates all the previous allegations in her complaint.

42.     Defendant subjected Perry to different terms and conditions of employment because of her race.

43.     Perry's race was one of the motives or reasons that made a difference in Defendant's decision to treat her differently in connection with the terms and conditions of her employment and the decision to end her employment.

44.     Perry suffered damages as a result of Defendant's violations of Michigan's Elliott-Larsen Civil Rights Act, that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## COUNT 5

### RETALIATION IN VIOLATION OF MICHIGAN'S
### ELLIOTT-LARSEN CIVIL RIGHTS ACT

45.     Perry repeats and incorporates all the previous allegations in her complaint.

46.     Perry engaged in activity protected by Michigan's Elliott-Larsen Civil Rights Act when she, among other things, opposed the discrimination that she endured in Defendant's workplace.

47.     Defendant knew about Perry's opposition and protected activity.

48.     Defendant treated Perry differently in connection with the terms and conditions of her employment and it ended her employment.

49.     There was a causal connection between Perry's protected activity and the adverse employment actions Defendant took against her.

50.     Perry suffered damages as a result of Defendant's violations of Michigan's Elliott-Larsen Civil Rights Act, that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## COUNT 6

### HARASSMENT IN VIOLATION OF
### MICHIGAN'S ELLIOTT-LARSEN CIVIL RIGHTS ACT

51.     Perry repeats and incorporates all the previous allegations in her complaint.

52.     Perry was subjected to communications and conduct based on her race.

53.     The communications and conduct were hostile and unwelcome.

54.     Perry was subjected to a hostile work environment and otherwise treated differently than other employees because of her race.

55.     Defendant was legally responsible for the work environment that was hostile to Perry because of her race.

56.     The hostile work environment Perry endured was so severe or pervasive so as to alter the terms and conditions of her employment by creating a hostile and abusive working environment.

57.     Defendant knew about the conduct Perry was subjected to and failed to implement reasonably prompt and appropriate corrective actions to end the harassment, and it also actively encouraged the creation of the hostile and abusive working environment.

58.     Perry suffered damages as a result of Defendant's violations of Title VII of the Civil Rights Act of 1964, that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## COUNT 7

### DISCRIMINATION IN VIOLATION OF
### TITLE 42 OF THE UNITED STATES CODE, SECTION 1981

59.     Perry repeats and incorporates all the previous allegations in her complaint.

60.     Perry's race is black.

61.     Defendant terminated Perry's employment.

62.     Perry's race was a motivating factor in Defendant's decision to treat her differently in connection with the terms and conditions of her employment and the decision to end her employment.

63.     Perry suffered damages as a result of Defendant's violations of Title 42 of the United States Code, Section 1981, that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## COUNT 8

### RETALIATION IN VIOLATION OF
### TITLE 42 OF THE UNITED STATES CODE, SECTION 1981

64.     Perry repeats and incorporates all the previous allegations in her complaint.

65.     Perry engaged in activity protected by Title 42 of the United States Code, Section 1981, when she complained to Defendant and opposed the discrimination she encountered in Defendant's workplace.

66.     Defendant knew about Perry's protected activity.

67.     Defendant terminated Perry's employment.

68.     Defendant would not have taken these adverse actions against Perry but for her protected activity.

69.     Perry suffered damages because of Defendant's retaliation that include, but are not limited to, lost wages and benefits, emotional distress, attorney's fees, and litigation costs.

## COUNT 9

### HARASSMENT IN VIOLATION OF TITLE 42 OF THE UNITED STATES CODE, SECTION 1981

70.     Perry repeats and incorporates all the previous allegations in her complaint.

71.     Perry was subjected to communications and conduct based on her race.

72.     The communications and conduct were hostile and unwelcome.

73.     Perry was subjected to a hostile work environment and otherwise treated differently than other employees because of her race.

74.     Defendant was legally responsible for the work environment that was hostile to Perry because of her race.

75.     The hostile work environment Perry endured was so severe or pervasive so as to alter the terms and conditions of her employment by creating a hostile and abusive working environment.

76.     Defendant actively encouraged the creation of the hostile and abusive working environment.

77.     Perry suffered damages as a result of Defendant's harassment that include, but are not limited to, back wages, frontpay, compensatory damages (including emotional distress), attorney's fees, and litigation costs.

## JURY DEMAND

78.     Perry demands a trial by jury on all issues so triable. FED. R. CIV. P. 38(b).

## RELIEF REQUESTED

79.     Plaintiff Sharon Perry requests that the Court enter a judgment in her favor and against Defendant Kalamazoo Area Christian Retirement Association Inc., in an amount that will fully and fairly compensate her for all of her damages, losses, expenses, back wages, emotional distress, attorney's fees, litigation costs, and interest.

80.     Perry also requests that the court grant her any additional relief, both legal and equitable, as the Court determines to be appropriate and just under the circumstances.

SHARON PERRY

Dated:  December 19, 2023                    By:    /s/  Mark S. Wilkinson

Mark S. Wilkinson (P68765)
PALADIN EMPLOYMENT LAW PLLC
*Attorney for Plaintiff*
5955 West Main Street
Kalamazoo, MI 49009
(tel.) 269.978.2474
mark@paladinemploymentlaw.com